**CITIMORTGAGE, INC., Appellant–Intervenor/Cross–Claimant,**

v.

**Shannon S. BARABAS a/k/a Shannon Sheets Barabas,[1] Cross–Claim Defendant,**

**ReCasa Financial Group, LLC, Appellee–Plaintiff/Cross–Claim Defendant,**

and

**Rick A. Sanders, Appellee/Third–Party Defendant.**

No. 48A04–1004–CC–232.

Court of Appeals of Indiana.

Oct. 20, 2011.

Matthew S. Love, Feiwell & Hannoy, P.C., Indianapolis, IN, Attorney for Appellant.

---

1. Shannon S. Barabas does not participate in this appeal. However, pursuant to Indiana

Mary A. Slade, Plunkett Cooney, Indianapolis, IN, Christopher C. Hagenow, Sarah S. Fanzini, Hopper Blackwell, P.C., Indianapolis, IN, Attorneys for Appellees.

## OPINION ON REHEARING

RILEY, Judge.

Citi filed a petition for rehearing of our 2011 Opinion. In that Opinion, we affirmed the trial court's denial of amended default judgment in favor of ReCasa. We grant Citi's petition for rehearing to clarify our reasoning, but reaffirm our opinion in all respects.

On rehearing, Citi first argues that our interpretation of Ind.Code § 32–29–8–3 was erroneous. We agree that the correct interpretation of the statute is that the one-year redemption period begins after the sale of the property, not after Citi first acquired interest in the property. However, we find that Citi has failed to demonstrate that the trial court abused its discretion when it denied its motion to intervene and for relief from judgment. Based on the ambiguous language in the mortgage, where MERS was named "solely as nominee for [Irwin]," MERS, and

subsequently Citi, did not have an enforceable right separate from Irwin's interest. *Citimortgage, Inc. v. Barabas,* 950 N.E.2d 12, 13 (2011).

ROBB, C.J., concurs.

BROWN, J., concurs in part and dissents in part with separate opinion.

BROWN, Judge, concurring in part and dissenting in part.

I concur in that part of the opinion on rehearing in which the majority agrees that the correct interpretation of Ind.Code § 32–29–8–3 is that the one-year redemption period begins after the sale of the property, not after Citi first acquired an interest in the property.

For the reasons set forth in my original dissent, I respectfully dissent from the remainder of the opinion on rehearing.

Appellate Rule 17(A), a party of record in the trial court is a party on appeal.